# *James Engles and Robert M'Mullen *against* Robert Bruington.

Where a subscribing witness to a will is out of the jurisdiction of the court, his hand writing may be proved as if he were dead.

THIS was a feigned issue to try the validity of the last will of Amelia Sennet, deceased, dated 8th August 1801.

There were two witnesses to the instrument, Edward J. Coale and Robert Taylor. The mark of the testatrix was said to be affixed thereto.

Taylor swore, that he had been sent for by Mrs. Sennet, to draw her will; but that being indisposed, he had recommended to her that Mr. Coale, a young lawyer, should do the business. He was accordingly sent for and drew the will according to her directions, which was signed and published in their presence, and they subscribed their names thereto.

It was admitted, that Coale was in the city, when the will was filed in the register's office, but had afterwards removed to the city of Baltimore in Maryland.

The plaintiff's counsel offered to prove his hand writing, but this was objected to. The rule of law is imperious, that the subscribing witness to an instrument shall be personally examined, unless he is dead or cannot be found. 7 T. R. 265–6. Where his residence is in a foreign country, or in a sister state, a commission may issue to take his examination. If he is dead, his hand writing may be proved; but if he has became infamous, or has become interested since the execution of the instrument, it is necessary in addition thereto, to prove the hand writing of the party also. Peake's Evid. 64, 66. Two witnesses are necessary to establish a will by the laws of Pennsylvania. 1 Dall. 286. The provision is founded on principles of public policy. But it is obvious, that if the proof of the hand writing of a living witness,

[Engles et al. *v.* Bruington.]

shall be considered as equivalent to his oath, provided he lives out of the jurisdiction of the court, many frauds may be practised.    A witness may affix his name to a pretended will, who would not venture to swear to the due execution of it ; and he may be sent abroad, to prevent his being purged upon oath.    It may be objected, that there is no mode, by which the will itself may be procured from the register, to attend the commission. But if even the original cannot be obtained, a certified copy might be obtained, which would in most instances answer the same purpose.    Besides, Baltimore is within the immediate reach of the party.    It cannot with propriety be called a city abroad, much less to be in a foreign country.    The Circuit Court of the United States, for this district have determined, that a foreign attachment would not lie in such case.

*E contra*, it was answered, that the rules of evidence as to wills, are precisely the same as to deeds and other [*346 papers.    No distinction can be drawn between them.    It is true, the plaintiffs might have taken out a commission here; but of what avail would it have been, if he could not have obtained the possession of the original will ?   And how could the will be identified, by a certified copy ?   The case of          *v.* Ralston, was determined on this ground.    Besides, if these difficulties could be obviated, the witness was out of the power of the court, no matter how small the distance was, and his oath could not be compelled.    He was to all intents, as to the plaintiffs, as if he had been dead ; and the rule of law is fully settled, that where a witness to any instrument is abroad, the proof of his hand writing is sufficient proof of its execution.    1 Espin. Rep. 2.    BUL-LER, J. has said, that where an attesting witness is beyond sea, the best evidence which can be obtained, is the proof of his hand writing.    1 Bos. and Pul. 361.    And the rule is now established by the court of King's Bench in 1802, that if the subscribing witness be out of the jurisdiction of the court, and not amenable to its process at the time of trial, whether he be domiciled abroad or not, evidence of his hand writing is admissible.    2 East 250.

*Per Cur.*    Better evidence will not be demanded than is in the party's power to give.    The Supreme Court has no power to oblige the register of wills to deliver out an original paper lodged with him for probate, to be carried into another state ; nor has it any controul over a witness out of its jurisdiction.    I think it is doubted in one of the books, whether the same credit is to be given to the hand writing of a witness beyond sea, as if dead. *Per* Lord HARDWICKE.    2 Vez. 460.    But from the cases cited on the part of the plaintiffs, it appears, that where a subscribing witness to a deed or other written instrument is beyond the reach of the process of the court, his hand writing may be proved as if he were dead.    See Peake's Rep. 100.    For this is all that can reasonably be expected from the party, under such circum-

[Austin, Indorsee, *v.* Ingham.]

stances.   To attempt to prove a mark to a will, would be idle and ridiculous.

The hand writing was fully proved ; but it afterwards appeared, that the testatrix had married two husbands, viz. Edward Sennet in 1791, and William Tully in October 1796, her first husband being then living.   The presumption being fortified by other proof, that her husband Sennet was in full life, when her will was made in 1801, the jury found a verdict for the defendant, who had intermarried with a sister of the deceased.

Messrs. Condy and Hopkinson, *pro quer.*

Messrs. S. Levy and Meredith, *pro def.*

Cited in 6 Pa. 412 to shew that the proof of the handwriting of a subscribing witness to a will, where the witness cannot be called, is equivalent to his oath to the signature of the testator.

Cited in 17 Pa. 162 in support of the decision that proof as to the genuineness of a mark to a will by a witness who was not present when it was made, but who judged only from its resemblance to other marks which he had seen the testatrix put to other instruments, at different times, was not competent proof, by one witness, of the execution of the will; such proof was not admissible.

The act of January 27, 1848, relating to last wills and testaments, validates the execution of wills by marks.